An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANGELO R. CARROLL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63115

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REMAND

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder and murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

The State has filed a motion to dismiss the appeal on the ground that the district court erroneously granted appellant Deangelo R. Carroll's claim that he was deprived of his right to a direct appeal. Specifically, the State contends that Carroll raised his appeal-deprivation claim in an untimely post-conviction petition and therefore it is procedurally barred under NRS 34.726(1). *See* NRAP 4(c)(1). Carroll opposes the motion to dismiss the appeal.

The judgment of conviction in this case was filed on September 8, 2010. Carroll filed his post-conviction petition on December 29, 2011. Because Carroll filed his post-conviction petition more than one year after the entry of the judgment of conviction, the petition is procedurally barred.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21562

NRS 34.726(1). To raise a claim in an untimely or successive post-conviction petition, petitioner bears the burden of pleading and proving specific facts that establish good cause and prejudice to overcome the procedural bars. *State v. Bennett,* 119 Nev. 589, 599, 81 P.3d 1, 8 (2003).

While we agree with the district court that Carroll was deprived of his right to a direct appeal due to ineffective assistance of counsel, as counsel's testimony at the evidentiary hearing supports that finding, an appeal-deprivation claim is nevertheless subject to the procedural default rules. *See State v. Eighth Judicial Dist. Court (Riker),* 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."); *Hathaway v. State,* 119 Nev. 248, 252, 253-54, 71 P.3d 503, 506, 507 (2003). And, although a claim of ineffective assistance of counsel may excuse a procedural default, that claim must not itself be procedurally defaulted. *Hathaway,* 119 Nev. at 252, 71 P.3d at 506. Rather, a claim must be raised within a reasonable time after discovering it to satisfy good cause. *Id.* at 253, 71 P.3d at 506. The record is bereft of any findings indicating when Carroll learned that no direct appeal had been filed or whether his post-conviction petition was filed within a reasonable time thereafter. Therefore, we remand this matter to the district court for the limited purpose of conducting an evidentiary hearing on the applicable procedural bars and entering the necessary written factual findings and legal conclusions concerning whether Carroll

established good cause to excuse the delay in filing his post-conviction petition. Accordingly, we

ORDER this matter REMANDED to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Valerie Adair, District Judge
Mario D. Valencia
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]This is our final disposition of this appeal. If the district court determines on remand that Carroll demonstrated cause for his procedural default, the district court shall comply with NRAP 4(c)(1)(B). If the district court determines that Carroll cannot demonstrate cause for his procedural default, the district court shall enter an order denying the petition, including findings of fact and conclusions of law. If the petition is denied, Carroll may file a notice of appeal consistent with NRAP 34.575.