An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCELO ANTONIO PARTIDA,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN; AND
THE STATE OF NEVADA,
Respondents.

No. 64961

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing appellant Marcelo Antonio Partida's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Partida contends that the district court abused its discretion by dismissing his habeas petition without conducting an evidentiary hearing. Partida specifically claims that (1) the district court erred by finding that he failed to demonstrate good cause sufficient to excuse the procedural bars, (2) counsel was ineffective at sentencing by failing to present mitigation evidence, and (3) the sentence imposed was excessive and amounted to cruel and unusual punishment. We disagree.

Partida's petition was untimely because it was filed more than eight years after issuance of the remittitur in his direct appeal. *See* NRS 34.726(1); *Partida v. State*, Docket No. 37370 (Order of Affirmance, May 8, 2001). Partida's petition was also successive. *See* NRS 34.810(2); *see generally Partida v. State*, Docket No. 40691 (Order of Affirmance, April 21, 2003). The district court determined that Partida "fails to point to any evidence, other than evidence that was addressed and ruled upon by this Court and affirmed by the Nevada Supreme Court, that would excuse the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19098

delay in filing the instant [p]etition." *See* NRS 34.726(1); NRS 34.810(2), (3); *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). The district court further determined that Partida "fails to assert any facts whatsoever that would support a conclusion that he is actually innocent of the crimes for which he was convicted; instead [he] merely contends that 'his convictions and the lengthy sentences . . . constitute a miscarriage of justice.'" *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006). We conclude that the district court did not err by dismissing Partida's petition without conducting an evidentiary hearing. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) ("We give deference to the district court's factual findings regarding good cause, but we will review the [district] court's application of the law to those facts de novo."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Scott N. Freeman, District Judge
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

2