An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ANTHONY DAVIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64959

FILED

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed his petition on October 30, 2013, almost 9 years after the voluntary dismissal of his direct appeal on December 16, 2004. *Davis v. State*, Docket No. 43345 (Order Dismissing Appeal and Removing Counsel of Record, December 16, 2004). Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Because no remittitur issues when an appeal is voluntarily dismissed, *see* NRAP 42(b), the one-year period for filing a post-conviction petition commenced from the date of the order dismissing the appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19153

in his previous petitions.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant first claimed that the procedural bars did not apply because he did not file a post-conviction petition for a writ of habeas corpus but rather he filed a "petition for extraordinary writ of habeas corpus ad subjiciendum and withdrawal of plea." Appellant was mistaken. Because appellant challenged the validity of the judgment of conviction, appellant's petition was properly construed to be a post-conviction petition for a writ of habeas corpus, and thus the procedural bars and statutory laches did apply to the petition.[4] *See* NRS 34.724(2)(b); NRS 34.726(1); NRS 34.800(2); NRS 34.810(2).

Next, appellant claimed that the factual basis for his petition was not available previously due to interference by the State of Nevada. Appellant failed to demonstrate that the factual or legal basis for his petition was not previously available. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Appellant further failed to overcome the presumption of prejudice to the State. Therefore, we conclude that the

---

[3]*Davis v. State*, Docket No. 47812 (Order of Affirmance, July 27, 2007). Appellant did not appeal from the denial of several petitions, and in one instance appellant filed a late notice of appeal. *See Davis v. State*, Docket No. 54109 (Order Dismissing Appeal, August 10, 2009).

[4]Further, none of appellant's claims implicated the jurisdiction of the courts. *See* Nev. Const. art. 6, § 6; NRS 171.010.

district court did not err in denying the petition as procedurally barred and barred by laches.[5]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

cc:    Hon. David B. Barker, District Judge
      James Anthony Davis
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[5]We conclude that the district court did not err in striking appellant's request for damages as damages are not appropriate in a habeas corpus action.

[6]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.