An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE DE LA HOYA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65095

**FILED**

JUN 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a petition for a writ of *coram nobis*.[1]  Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed a petition for a writ of *coram nobis* on November 20, 2013, challenging the validity of his judgment of conviction and sentence.  In his petition, appellant claimed that he should have been charged with petit larceny rather than robbery, that he suffered from ineffective assistance of counsel, that he had no knowledge of the value of the items in the purse when he took it from the victim, and that he suffered from a fundamental miscarriage of justice.  A petition for a writ of *coram nobis* was not an available remedy because appellant was in custody on the conviction challenged in his petition. *See Trujillo v. State*, 129 Nev. ___, ___, 310 P.3d 594, 601 (2013).  In addition, appellant's

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19281

claims were not properly raised in a petition for a writ of *coram nobis* because they were claims arising from alleged factual errors that are on the record, or they involved legal and not factual errors. *See id.* at ___, 310 P.3d at 601-02. Moreover, appellant has previously litigated several post-conviction petitions for a writ of habeas corpus and appellant failed to demonstrate that he could not have raised his current claims in those petitions.[2] *See id.* (explaining that it is the petitioner's burden to demonstrate that he could not have reasonably raised his claims at an earlier time). Therefore, the district court did not err in denying the petition.

To the extent the district court construed the petition as a post-conviction petition for a writ of habeas corpus, the district court correctly concluded that the petition was procedurally barred. Appellant's petition was filed more than 12 years after entry of the judgment of conviction on July 10, 2001. Thus, appellant's petition was untimely filed.[3] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ to the extent he raised claims new and different from those raised in previous petitions. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[2]*De La Hoya v. State*, Docket No. 64352 (Order of Affirmance, April 10, 2014); *De La Hoya v. Warden*, Docket No. 62811 (Order of Affirmance, October 16, 2013). Appellant also filed a post-conviction petition for a writ of habeas corpus in the district court on February 4, 2008, but appellant did not appeal the district court's denial of that petition.

[3]No direct appeal was taken.

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Appellant's claims were reasonably available to be raised in his earlier post-conviction petitions. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
Jorge De La Hoya
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A