An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO RICHARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65779

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on June 11, 2013, more than three years after entry of the judgment of conviction on May 19, 2010. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Richard v. State*, Docket No. 58857 (Order of Affirmance, May 9, 2012). Appellant also litigated a post-conviction motion to withdraw a
*continued on next page...*

14-30728

Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant first argued that he had good cause because of newly discovered evidence that the state witnesses were threatened by the police and wished to recant their statements. This argument failed to demonstrate good cause. Although appellant asserted that this evidence was newly discovered, appellant acknowledged that he knew the witnesses were threatened and informed his counsel of this prior to entering his plea. Thus, any claims based on the alleged recantations were reasonably available to be raised in his first petition and do not provide good cause for the instant petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Next, appellant, relying upon *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), argued that he had good cause because he was not appointed counsel for the first post-conviction proceedings or the proceedings on his post-conviction motion to withdraw a guilty plea. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion or provide an explanation for why he could not raise this claim earlier. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel,*

---

*...continued*
guilty plea. *Richard v. State*, Docket No. 57531 (Order of Affirmance, June 8, 2011).

___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Valorie J. Vega, District Judge
       Antonio Richard
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.