An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MIGUEL A. CUEVAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65365

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on November 1, 2013, more than five years after entry of the judgment of conviction on February 15, 2008. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant claimed that he had cause to excuse his delay because he requested that his trial counsel file an appeal, he was misled into believing an appeal had been filed because counsel had sent him a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30833

prepared notice of appeal, and he only learned that no appeal had been filed in August 2013 when he received confirmation from this court.

This court has held that an appeal-deprivation claim may in certain circumstances provide good cause to excuse the filing of an untimely petition. *See Hathaway v. State*, 119 Nev. 248, 71 P.3d 503 (2003). In order to demonstrate cause for the delay, a petitioner must demonstrate that he actually believed trial counsel had filed an appeal, that the belief was objectively reasonable, and that he had filed a post-conviction petition within a reasonable time after learning that no direct appeal had been filed. *Id.* at 255, 71 P.3d at 508.

The district court conducted an evidentiary hearing. Trial counsel testified that he did not recall appellant asking for an appeal but that if he had been asked he would have filed an appeal. Trial counsel, when presented with a prepared notice of appeal dated March 7, 2008, recognized his own signature. Trial counsel did not recognize the signature from the employee preparing the certificate of service but acknowledged that he did not have the signatures of his employees memorized. Trial counsel did not remember if the notice of appeal was sent to appellant. Appellant testified that he received the prepared notice of appeal in February or March of 2008, and that he believed an appeal had been filed. Sometime in 2012, appellant determined that no appeal had been filed, and he wrote the State Bar of Nevada for help. In return, he received a copy of the Jailhouse Lawyer Manual in late June 2012. Appellant then waited more than a year to write this court to confirm that

no appeal had been filed. Appellant again waited several months to file the instant petition.

Based upon our review of the record on appeal, we conclude that the district court did not err in denying this petition as procedurally barred.[2] Even assuming that appellant reasonably believed that an appeal had been filed, appellant did not file his petition within a reasonable time after he should have known that no appeal was pending. By June 2012, appellant no longer reasonably believed an appeal was pending, yet he waited until November 2013 to file his petition. Such a delay is not reasonable. Thus, because appellant did not file the petition

---

[2]We note that some of the district court's findings in the written order do not appear to be supported by substantial evidence. In particular, the finding that appellant failed to demonstrate the validity of the prepared notice of appeal and the finding that appellant did not communicate with counsel after sentencing. Appellant presented the prepared notice of appeal as an exhibit with his petition. Trial counsel, while he could not remember sending the prepared notice of appeal, recognized his own signature and did not dispute that the notice of appeal appeared to come from his office. Regarding appellant's communication with counsel after sentencing, appellant testified that he had written letters and tried contacting counsel by phone. Trial counsel was never asked, and thus, never disputed this testimony. Regardless of the inconsistency of these findings with the record, they were irrelevant to the ultimate finding that appellant did not file his petition within a reasonable time.

within a reasonable time, appellant's petition was procedurally time barred and without good cause.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      Miguel A. Cuevas
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]To the extent that appellant claimed he had good cause because he moved between various institutions and the copy equipment was broken for a time in one of the institutions, appellant failed to demonstrate cause for the entire length of his delay.