An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANTE MICHAEL VINCI,
Appellant,
vs.
GREG SMITH, IN HIS OFFICIAL
CAPACITY AS WARDEN OF THE
NEVADA STATE PRISON; AND
HOWARD SKOLNIK, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 59848

**FILED**

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant filed his petition on October 5, 2011, more than one year after this court issued the remittitur from his direct appeal on August 10, 2010. *Vinci v. State*, Docket No. 54829 (Order of Affirmance, July 15, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and prejudice. *See id.*

In his petition, appellant alleged that his petition was untimely because his retained counsel had prepared the petition several months before the one-year deadline but had failed to file it "[d]ue to internal procedural errors in the law office." Appellant further asserted that his counsel filed the petition as soon as those errors were discovered. The district court determined that appellant failed to demonstrate good cause and summarily denied the petition as procedurally barred.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31013

On appeal, appellant argues that the district court erred by finding that his counsel's failure to timely file his petition did not constitute good cause to excuse the procedural defect. He asserts that two recent decisions by the United States Supreme Court control the disposition of this case: *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 565 U.S. ___, 132 S. Ct. 912 (2012). He explains that these cases demonstrate that the statutory deadline for filing a post-conviction petition may be equitably tolled when counsel effectively abandons his client, as happened here.

We conclude that appellant has failed to demonstrate good cause. First, the decisions cited by appellant pertain to rules governing federal habeas proceedings and do not directly impact Nevada's statutory good cause standard, which requires a showing that an "impediment external to the defense" prevented him from complying with the procedural rules. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Second, both decisions clearly state that mere negligence on the part of the petitioner's attorney, such as missing a filing deadline, does not qualify as cause because the attorney acts as the petitioner's agent and the petitioner bears the risk of the attorney's conduct. *See Maples*, 565 U.S. at ___, 132 S. Ct. at 922; *Holland*, 560 U.S. at 651-52. Only in cases with extraordinary circumstances, such as where the attorney effectively abandons his client without notice, has the United States Supreme Court recognized an exception to the rule that an attorney's actions may not constitute cause to excuse procedural defects. *See Maples*, 565 U.S. at ___, 132 S. Ct. at 922-23; *Holland*, 560 U.S. at 652-53. Here, appellant asserts only that his counsel missed the deadline; he provides no other basis for his claim that counsel abandoned him. Notably, his

situation is inapposite to that of the petitioners in *Maples* or *Holland*, as counsel both filed the petition in district court and continues to represent him on appeal, and he did not allege that he made inquiries of his counsel as to the deadline or that counsel failed to communicate with him. We conclude that appellant's allegations do not demonstrate that his counsel's conduct rose to the level of abandonment rather than mere negligence. Therefore, appellant has not demonstrated that the delay was due to "an impediment external to the defense." *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506.

Appellant also argues that the district court erred in denying the petition without affording him an evidentiary hearing on whether he demonstrated good cause. He asserts that, because this was his first post-conviction petition, the district court was required under NRS 34.745(1) to order the State to file a response or take other appropriate action. We conclude that an evidentiary hearing was not warranted because his allegations did not demonstrate good cause and thus did not entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is entitled to an evidentiary hearing only when his claims are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief). To the extent that appellant contends that the district court acted contrary to NRS 34.745(1) by summarily dismissing the petition, we conclude that appellant has failed to demonstrate that he was harmed. His factual allegations in his petition and on appeal do not constitute good cause, and he does not demonstrate that he was denied the opportunity to present his good cause arguments to the district court. Accordingly, we conclude that

the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Jerome Polaha, District Judge
        Law Office of David R. Houston
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A