**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIE JAMES SMITH, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66914

**FILED**

MAY 18 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from an order denying an untimely and successive post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on May 13, 2014, almost eight years after issuance of the remittitur on direct appeal on May 30, 2006. *Smith, Jr., v. State*, Docket No. 43751 (Order of Affirmance, May 2, 2006). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had litigated a post-conviction petition for a writ of habeas corpus on the merits.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Smith, Jr., v. State*, Docket 48445 (Order of Affirmance, September, 25, 2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15236

Appellant claimed that he had good cause because the factual and legal bases for his claims were withheld. Appellant failed to demonstrate that the factual and legal bases for his claims were not reasonably available to be presented in a timely petition, and thus, he failed to demonstrate good cause. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Next, appellant claimed that his trial and appellate counsel were ineffective in failing to raise certain issues. Appellant's claims of ineffective of assistance of counsel were likewise reasonably available to be raised in a timely petition, and thus, these claims would not provide good cause in this case. *See id.*

Next, appellant appeared to claim that there was no jurisdiction over his case because no state or federal laws allow a private citizen to impersonate a police officer and use the authority of the government to search an individual. This claim does not implicate the jurisdiction of the courts. Nev. Const. art. 6, § 6; NRS 171.010.

Finally, appellant claimed that he was actually innocent because he had reliable evidence that demonstrated that the trial and appellate courts had violated numerous constitutional rights when they allowed a private citizen to impersonate a federal officer and purport to use the authority of the federal government to obtain evidence. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore

conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Willie James Smith, Jr.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk