An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEREK ANTHONY COSTANTINO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66975

FILED

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order of the district court denying a petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his petition filed on June 20, 2014, appellant challenged the continued legality of his confinement. Appellant claimed that he was mistakenly required to continue serving a sentence for the deadly weapon enhancement because he had expired the sentence for the primary offense and he read NRS 193.165 as requiring release when the sentence for the primary offense has expired. Appellant's challenge to the continued legality of his confinement was without merit. Appellant is confined pursuant to a 1996 judgment of conviction that imposed two consecutive terms of 25 years for second-degree murder with the use of a deadly weapon. Appellant's reading of NRS 193.165 as requiring his release upon expiration of the sentence for the primary offense is patently without

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

IS-27531

merit. NRS 193.165, at the time he was convicted, provided for "a term equal to and in addition to the term of imprisonment prescribed by statute for the crime. The sentence prescribed by this section runs consecutively with the sentence prescribed by statute for the crime." 1991 Nev. Stat., ch. 403, § 6, at 1059. Appellant is lawfully confined and habeas relief is not warranted as he has not completed serving the sentence for the deadly weapon enhancement and has not been granted parole from the sentence for the deadly weapon enhancement.

To the extent that appellant challenged the validity of the judgment of conviction, appellant's petition was procedurally barred as the petition was untimely filed (more than 17 years after issuance of the remittitur from his direct appeal in *Costantino v. State*, Docket No. 28854 (Order Dismissing Appeal, February 26, 1997)), an abuse of the writ as appellant raised claims new and different from those previously litigated in prior petitions;[2] and appellant's arguments regarding NRS 193.165 and the effect of his having expired the sentence for the primary offense did not provide good cause to excuse the procedural defects. *See* NRS 34.726(1); NRS 34.810(2), (3); *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (recognizing that good cause must afford a legal excuse). Further, the petition was barred by NRS 34.800(2) because the

---

[2]*Costantino v. State*, Docket Nos. 30734, 31276 (Order Dismissing Appeals, December 10, 1999); *Costantino v. State*, Docket No. 42609 (Order of Affirmance, August 23, 2004); *Costantino v. State*, Docket No. 47986 (Order of Affirmance, January 8, 2007); *Costantino v. State*, Docket Nos. 51868, 52048 (Order of Affirmance, January 8, 2009); *Costantino v. State*, Docket Nos. 52565, 52566, 52596 (Order of Affirmance, May 1, 2009); *Costantino v. State*, Docket No. 56515 (Order of Affirmance, January 13, 2011).

State specifically pleaded laches and appellant failed to overcome the presumption of prejudice to the State.

To the extent that appellant challenged the computation of time served and the application of statutory good time credits to the enhancement sentence, appellant's petition was improperly filed in the Eighth Judicial District Court as he is incarcerated in Ely State Prison within the boundaries of the Seventh Judicial District Court. *See* NRS 34.738(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Parraguirre

_____, J.       _____, J.
Douglas                              Cherry

cc:     Hon. Kathleen E. Delaney, District Judge
        Derek Anthony Costantino
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]We have reviewed the documents attached to the notice of appeal, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present amended claims or facts in those submissions which were not previously presented to the district court, we decline to consider them in the first instance. The hearing conducted on August 27, 2014, was not an evidentiary hearing and no parties were listed as being present. We conclude that the district court did not abuse its discretion in not having appellant transported for this hearing.