# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN RAY HOLMES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68955

FILED

APR 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Kevin Ray Holmes' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Holmes filed his petition on June 5, 2015, more than 13 years after remittitur issued from his direct appeal on July 12, 2001. *Holmes v. State*, Docket No. 35367 (Order of Affirmance, May 21, 2001). Thus, his petition was untimely filed. NRS 34.726(1). Moreover, the petition was successive because Holmes had previously sought postconviction relief.[1] NRS 34.810(2). The petition was therefore procedurally barred absent a demonstration of good cause and prejudice. NRS 34.726(1); NRS 34.810.

---

[1]*Holmes v. State*, Docket No. 41065 (Order of Affirmance, January 2, 2004).

16-11709

Further, because the State pleaded laches, Holmes was required to overcome the presumption of prejudice to the State. NRS 34.800(2).[2]

Holmes contends that the district court erred by denying his petition because he demonstrated good cause and prejudice to excuse the untimely filing for several reasons: (1) the district court erroneously denied his first postconviction petition and this court erroneously affirmed, (2) the petition relates back to his first postconviction petition, (3) he received ineffective-assistance of trial and appellate counsel, and (4) he was not given counsel in his first postconviction petition in violation of *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012). We conclude that the district court did not err by denying the petition because Holmes failed to demonstrate good cause and prejudice sufficient to excuse the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) ("[G]ood cause means a substantial reason; one that affords a legal excuse." (internal quotation marks omitted)); *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 875 (2014) (holding that *Martinez* does not apply to Nevada postconviction procedures).

Holmes also contends that the district court erred by denying his petition because he is innocent. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (explaining that court can excuse the procedural bars if failure to consider the claim would result in a fundamental miscarriage of justice). We conclude that the district court did not err by denying the petition because Holmes fails to offer new

---

[2]We reject Holmes' assertions that his petition is not successive and that laches does not apply.

evidence of innocence and his claim contemplates legal rather than factual innocence. *See Brown*, 130 Nev., Adv. Op. 60, 331 P.3d at 875.

Having considered Holmes' contentions and concluded they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

CHERRY, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 875 (2014) (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-counsel claim that was omitted due to the district court's failure to appoint counsel during appellant's first postconviction proceeding.

_____, J.
Cherry

cc:  Hon. Michael Villani, District Judge
     Kevin Ray Holmes
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

