# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES H. PORTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69041



FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Charles H. Porter was convicted on June 18, 1997, and sentenced to a term of life without the possibility of parole. He appealed, this court affirmed the judgment of conviction, *Porter v. State*, Docket No. 30680 (Order Dismissing Appeal, September 24, 1999), and remittitur issued on October 20, 1999. Porter filed a pro se postconviction petition for a writ of habeas corpus on September 11, 2000. The district court denied that petition, Porter appealed, and we affirmed the district court's order. *Porter v. State*, Docket No. 37203 (Order of Affirmance, October 22, 2002). Porter filed a second petition for habeas relief on April 3, 2008. The district court denied the petition as procedurally barred, and we affirmed. *Porter v. State*, Docket No. 52250 (Order of Affirmance,

_____

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

16-19072

March 5, 2009). Porter filed a third habeas petition on March 18, 2013. The district court denied the petition as procedurally barred, and we affirmed. *Porter v. State*, Docket No. 63433 (Order of Affirmance, September 16, 2014).

On June 22, 2015, Porter filed his fourth postconviction petition for a writ of habeas corpus and a motion to appoint counsel. The State opposed the petition, arguing that it was untimely and successive and that Porter failed to show good cause to overcome the procedural bar. Moreover, the State specifically pleaded laches. The district court denied Porter's petition, and this appeal followed.

Porter filed the instant petition more than 15 years after this court issued the remittitur from his direct appeal. Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was successive because he had filed three previous petitions for habeas relief, *see* NRS 34.810(2), and constituted an abuse of the writ because it raised a new and different claim that could have been raised before, *see id.*; NRS 34.810(1)(b)(2). Porter's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, as the State specifically pleaded laches, Porter was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Porter argues that he had good cause in newly discovered mitigation evidence that was not presented due to ineffective assistance of trial counsel. In particular, he argues that trial counsel failed to present evidence of his military service and posttraumatic stress disorder at sentencing. Not only does the record belie this argument, as trial counsel did discuss these matters, but Porter knew of his own service background and could have timely raised this issue in his first habeas petition. *See*

*Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003) (providing that "a claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay"). Likewise, Porter's plea-negotiation allegation was reasonably available to be timely raised and cannot constitute good cause because Porter knew of the representations regarding the plea negotiations made to him by his counsel before he entered his plea and thus knew of them before the statutory period expired. *See id.* To the extent that Porter contends that his claims of ineffective assistance of counsel excuse the delay, a procedurally defaulted ineffective-assistance-of-counsel claim cannot constitute good cause. *Id.* at 252, 71 P.3d at 506. Porter's inexperience in the law and posttraumatic stress disorder do not constitute good cause, as the lack of access to trained legal expertise and cognitive disabilities are not impediments external to the defense and do not constitute good cause. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's mental handicap and poor legal assistance from inmate law clerks did not establish good cause). Accordingly, as we conclude that Porter has failed to show that good cause existed to excuse the procedural bar and that the district court did not err in denying his petition as procedurally barred, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.         _____, J.
Cherry                               Gibbons

cc: Hon. Richard Scotti, District Judge
Charles H. Porter
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4