MICHAEL JOSEPH HATHAWAY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 39512

June 26, 2003                                    71 P.3d 503

[Rehearing denied August 25, 2003]

*Michael Joseph Hathaway,* Lovelock, in Proper Person.

*Brian Sandoval,* Attorney General, Carson City; *David J. Roger,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before Rose, Maupin and Gibbons, JJ.

## OPINION

*Per Curiam:*

Appellant Michael J. Hathaway filed an untimely proper person post-conviction petition for a writ of habeas corpus in the district court. Hathaway argued that he had good cause to excuse the delay in filing his habeas corpus petition because he thought his attorney was pursuing a direct appeal and he did not learn that his attorney had not filed a direct appeal until after the statutory time period for filing a habeas corpus petition had expired. Hathaway argued that he filed his habeas corpus petition within a reasonable time after learning that his attorney had not filed a direct appeal. The district court, relying on this court's holding in *Harris v. Warden,*[1] determined that Hathaway had not demonstrated adequate cause to excuse his delay and denied the petition as procedurally time-barred.

---

[1] 114 Nev. 956, 964 P.2d 785 (1998).

We conclude that the district court erroneously relied upon *Harris* to determine that Hathaway had not demonstrated cause for his delay. *Harris* does not preclude a finding of good cause in every case in which the good cause allegation is based upon an appeal deprivation claim. Rather, *Harris* stands for the proposition that an appeal deprivation claim is not good cause if that claim was reasonably available to the petitioner within the one-year statutory period for filing a post-conviction habeas petition. A petitioner's mistaken but reasonable belief that his or her attorney was pursuing a direct appeal is good cause if the petitioner raises the claim within a reasonable time after learning that his or her attorney was not in fact pursuing a direct appeal on the petitioner's behalf.

## FACTS

On December 11, 1998, the district court convicted Hathaway, pursuant to a guilty plea, of one count of first-degree murder, one count of sexual assault, and one count of attempted sexual assault. The district court sentenced Hathaway to serve two concurrent terms in the Nevada State Prison of life with the possibility of parole and a third concurrent term of 20 years with parole eligibility after 8 years. No direct appeal from the judgment of conviction was filed.

On November 6, 2001, Hathaway filed a proper person post-conviction petition for a writ of habeas corpus in the district court. In his petition, among other things, Hathaway claimed that he had been deprived of a direct appeal without his consent. Hathaway asserted that he had cause to excuse the delay in filing his petition because he had believed that his attorney had filed a direct appeal and that he filed his petition within a reasonable time after learning that his attorney had not filed a direct appeal. Hathaway alleged that immediately after sentencing he whispered to his attorney that he wanted a direct appeal and that his attorney told him that the attorney would take care of it. Hathaway stated that his attorney failed to respond to any subsequent correspondence and that he finally learned that a direct appeal had not been filed when he wrote to this court.

The State opposed Hathaway's petition. The State argued that the petition was procedurally time-barred and that Hathaway had failed to demonstrate adequate cause for the delay. Hathaway filed a reply. Pursuant to NRS 34.750 and NRS 34.770, the district court declined to appoint post-conviction counsel or to conduct an evidentiary hearing. The district court agreed with the State and denied Hathaway's petition on the ground that it was procedurally time-barred. This appeal followed.

This court's preliminary review of the record on appeal revealed that the district court may have erroneously relied upon this court's

holding in *Harris* to determine that Hathaway had not demonstrated good cause. Accordingly, this court directed the State to file points and authorities addressing whether this court should adopt the reasoning of *Loveland v. Hatcher*,[2] clarify this court's holding in *Harris* and remand the appeal for an evidentiary hearing. The State argues that *Harris* should not be modified, and that even if this court modified *Harris,* this court should determine that Hathaway was not entitled to an evidentiary hearing. We disagree.

## DISCUSSION

NRS 34.726(1) provides that a post-conviction petition for a writ of habeas corpus must be filed within one year after entry of the judgment of conviction, if no direct appeal was taken, unless the petitioner demonstrates good cause for the delay. Hathaway filed his petition almost three years after the district court entered the judgment of conviction. Therefore, Hathaway's petition was untimely filed and should have been dismissed unless Hathaway demonstrated good cause for the delay.

''Generally, 'good cause' means a 'substantial reason; one that affords a legal excuse.' ''[3] In order to demonstrate good cause, a petitioner must show that an impediment external to the defense prevented him or her from complying with the state procedural default rules.[4] An impediment external to the defense may be demonstrated by a showing ''that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials,' made compliance impracticable.''[5] A claim of ineffective assistance of counsel may also excuse a procedural default if counsel was so ineffective as to violate the Sixth Amendment.[6] However, in order to constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted.[7] In other words, a petitioner must demonstrate cause for raising the ineffective assistance of counsel claim in an untimely fashion. In terms of a procedural time-bar, an adequate

---

[2]231 F.3d 640 (9th Cir. 2000).

[3]*Colley v. State,* 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989) (quoting *State v. Estencion,* 625 P.2d 1040, 1042 (Haw. 1981)).

[4]*Pellegrini v. State,* 117 Nev. 860, 886-87, 34 P.3d 519, 537 (2001); *Lozada v. State,* 110 Nev. 349, 353, 871 P.2d 944, 946 (1994); *Passanisi v. Director, Dep't Prisons,* 105 Nev. 63, 66, 769 P.2d 72, 74 (1989).

[5]*Murray v. Carrier,* 477 U.S. 478, 488 (1986) (citations omitted).

[6]*Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Carrier,* 477 U.S. at 488-89); *see also Crump v. Warden,* 113 Nev. 293, 304, 934 P.2d 247, 253 (1997).

[7]*Edwards,* 529 U.S. at 453.

allegation of good cause would sufficiently explain why a petition was filed beyond the statutory time period. Thus, a claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay.

The district court determined that Hathaway failed to demonstrate adequate cause to excuse his delay pursuant to this court's holding in *Harris*.[8] In *Harris,* an untimely post-conviction petition for a writ of habeas corpus was filed in the district court.[9] In an attempt to demonstrate good cause, Harris argued that his trial counsel was ineffective for failing to inform him of the right to file a direct appeal and that his counsel's ineffective assistance constituted good cause and prejudice.[10] This court rejected Harris' argument and held:

> [A]n allegation that trial counsel was ineffective in failing to inform a claimant of the right to appeal from the judgment of conviction, or any other allegation that a claimant was deprived of a direct appeal without his or her consent, does not constitute good cause to excuse the untimely filing of a petition pursuant to NRS 34.726.[11]

This court further held that Harris was required to demonstrate some other excuse for his delay.

Although this court generally will not disturb a district court's finding regarding good cause,[12] we conclude that the district court's reliance upon *Harris,* although understandable, was misplaced in the instant case. *Harris* should not be read so expansively as to preclude consideration of whether Hathaway had demonstrated cause for the delay in filing his petition simply because his good cause allegation involved an appeal deprivation claim. We take this opportunity to clarify our holding in *Harris;* an appeal deprivation claim is not good cause if that claim was reasonably available to the petitioner during the statutory time period. Thus, claims that counsel failed to inform the petitioner of the right to appeal or that the petitioner received misinformation about the right to appeal would be reasonably available to the petitioner within the statutory time period. Another claim that would be reasonably available to

---

[8]114 Nev. 956, 964 P.2d 785.

[9]*Id.* at 957, 964 P.2d at 786.

[10]*Id.* at 957-58, 964 P.2d at 786.

[11]*Id.* at 959, 964 P.2d at 787.

[12]*Colley,* 105 Nev. at 236, 773 P.2d at 1230.

the petitioner within the statutory time period is a claim that counsel refused to file an appeal after the petitioner requested an appeal where the petitioner did not believe that counsel had filed an appeal on his or her behalf. These claims must be filed within the one-year statutory period unless the petitioner can demonstrate that some other cause existed to excuse the delay.

In the instant case, Hathaway claimed that he had good cause to excuse his delay because he requested that his attorney file an appeal, his attorney had affirmatively indicated that he would file an appeal, he believed that his attorney had filed an appeal on his behalf, and he filed his habeas corpus petition within a reasonable time after learning that his attorney had not filed an appeal.[13] Trial counsel is ineffective if he or she fails to file a direct appeal after a defendant has requested or expressed a desire for a direct appeal; counsel's performance is deficient and prejudice is presumed under these facts.[14] In *Loveland,* the Ninth Circuit Court of Appeals recognized that ''[i]f a defendant reasonably believes that his counsel is pursuing his direct appeal he most naturally will not file his own post-conviction relief petition.''[15] The court in *Loveland* held that a petitioner's reliance upon his counsel to file a direct appeal is sufficient cause to excuse a procedural default if the petitioner demonstrates: ''(1) he actually believed his counsel was pursuing his direct appeal, (2) his belief was objectively reasonable, and (3) he filed his state post-conviction relief petition within a reasonable time after he should have known that his counsel was not pursuing his direct appeal.''[16] We conclude that the test set forth in

[13]Hathaway raised several further arguments in favor of consideration of his late petition. First, Hathaway argued that he had good cause to excuse his delay because he had a difficult time retrieving his files from his attorney. This court has held that trial counsel's failure to send a petitioner his or her file does not constitute good cause to excuse a procedural default. *Hood v. State,* 111 Nev. 335, 890 P.2d 797 (1995). Second, Hathaway argued that the time for filing should be tolled because of an alleged mental illness, ''a Pervasive Developmental Disorder, Not Otherwise Specified.'' Hathaway failed to demonstrate that any alleged mental illness prevented him from filing a timely habeas corpus petition. Finally, Hathaway argued that the procedural time-bar should not apply to his habeas corpus petition because he filed a petition pursuant to NRS 34.360. Because Hathaway challenged the validity of his judgment of conviction, Hathaway's petition was properly construed to be a post-conviction petition for a writ of habeas corpus. NRS 34.724(2)(b). Consequently, the procedural time-bar set forth in NRS 34.726 applies to Hathaway's petition.

[14]*Roe v. Flores-Ortega,* 528 U.S. 470, 477-78, 483-85 (2000); *Thomas v. State,* 115 Nev. 148, 150, 979 P.2d 222, 223 (1999); *Davis v. State,* 115 Nev. 17, 20, 974 P.2d 658, 659-60 (1999); *Lozada,* 110 Nev. at 354-57, 871 P.2d at 947-49.

[15]231 F.3d at 644.

[16]*Id.*

*Loveland* is a reasonable test for evaluating an allegation of good cause based upon a petitioner's mistaken belief that counsel had filed a direct appeal. Thus, a petitioner can establish good cause for the delay under NRS 34.726(1) if the petitioner establishes that the petitioner reasonably believed that counsel had filed an appeal and that the petitioner filed a habeas corpus petition within a reasonable time after learning that a direct appeal had not been filed.

Hathaway raised a claim supported by specific facts not belied by the record, which if true, would entitle him to relief.[17] Because the district court did not conduct an evidentiary hearing regarding Hathaway's allegation, we cannot determine whether Hathaway believed that his attorney had filed a direct appeal, whether Hathaway's belief was objectively reasonable, and whether Hathaway filed his habeas corpus petition within a reasonable time. Accordingly, we remand for an evidentiary hearing to determine whether Hathaway can demonstrate good cause under the approach set forth above. If Hathaway demonstrates good cause based on his ineffective assistance of counsel claim, he will have necessarily established undue prejudice to excuse the procedural time-bar.[18]

## CONCLUSION

We reverse the district court's order in its entirety and remand this case for an evidentiary hearing to determine whether Hathaway can demonstrate good cause to excuse the delay in filing his petition.[19]

---

[17]*See Mann v. State,* 118 Nev. 351, 353, 46 P.3d 1228, 1231 (2002); *Hargrove v. State,* 100 Nev. 498, 202, 686 P.2d 222, 225 (1984).

[18]*Flores-Ortega,* 528 U.S. at 483-85; *Lozada,* 110 Nev. at 356-57, 871 P.2d at 948-49.

[19]Because we conclude that an evidentiary hearing is necessary, we decline to reach the merits of any of the claims raised in the petition. Any final order entered by the district court shall address those claims. We conclude that oral argument and briefing are unwarranted in this matter. *Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). This is our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.