An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINCY RAY SOLOMON JULIAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60999

**FILED**

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK




## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Quincy Ray Solomon Julian filed his petition on May 25, 2011, more than one year after entry of the judgment of conviction on February 16, 2010. Thus, the petition was untimely filed. *See* NRS 34.726(1). Julian's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Julian argued that he had cause for the delay because he received ineffective assistance of counsel in that counsel failed to inform him of his right to appeal and to perfect an appeal. Julian claimed that, due to psychotropic drugs he was taking, he was lethargic and unengaged in life and did not realize an appeal had not been filed until he was weaned off the drugs. The district court found counsel's testimony that she informed Julian about his right to appeal on at least two occasions and that Julian expressed a desire to not pursue an appeal to be highly credible. We must give deference to that finding. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) ("We give deference to the district

13-27659

court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo."), *cert. denied*, 568 U.S. ___, 133 S. Ct. 988 (2013). Furthermore, Julian failed to demonstrate that side effects of the psychotropic drugs should excuse the entire delay. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003) (holding that a claim of ineffective assistance of counsel may excuse a procedural default, but the claim itself must not be procedurally defaulted but must be raised within a reasonable time after discovering it to satisfy good cause). We conclude that the district court did not err in rejecting this good-cause argument and in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. Connie J. Steinheimer, District Judge
        Story Law Group
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk