An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VERNELL RAY EVANS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62966

**FILED**

OCT 1 6 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on October 9, 2012, more than 15 years after issuance of the remittitur on direct appeal on June 23, 1997.[2] *Evans v. State*, 112 Nev. 1172, 926 P.2d 265 (1996). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's petition did not challenge any changes made in the amended judgment of conviction filed on March 23, 2004, and thus the proper measure for filing a timely petition was the issuance of the remittitur from the direct appeal. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-30975

writ as he raised claims new and different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that he had good cause because he recently learned that his trial counsel was in a romantic relationship with a client for an unrelated matter, which appellant asserted caused counsel to be distracted during appellant's case. This claim failed to demonstrate good cause because a procedurally barred claim of ineffective assistance of trial counsel cannot constitute cause for additional claims of ineffective assistance of counsel. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). In addition, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in dismissing the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.      _____, J.
Parraguirre                        Cherry

---

[3]*Evans v. State*, 117 Nev. 609, 28 P.3d 498 (2001); *Evans v. State*, Docket No. 56140 (Order of Affirmance, May 9, 2011).

 

cc:   Hon. Elissa F. Cadish, District Judge
Vernell Ray Evans
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk