An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RALPH FULLER A/K/A RALPH
DYNELL FULLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63214

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on February 4, 2013, nearly three years after entry of the judgment of conviction on February 18, 2010. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012), provided good cause to overcome the procedural bar because he received ineffective assistance of trial counsel

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30646

at the sentencing hearing.[2] Appellant failed to demonstrate good cause because his claim that trial counsel was ineffective was itself procedurally barred. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, we conclude the district court did not err in denying appellant's petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[2]We note that appellant's reliance on *Martinez* is misplaced for two reasons. First, *Martinez* provides good cause based on ineffective assistance of post-conviction counsel for a federal court to consider claims that were procedurally defaulted in state court. This is appellant's first post-conviction petition; therefore, there is no claim of ineffective assistance of post-conviction counsel. Second, we have recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014).

cc: Hon. Elissa F. Cadish, District Judge
Ralph Fuller
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk