An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PACHALO CRISPIN CHIPETA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66414

**FILED**

DEC 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed his petition on April 16, 2014, over three years after issuance of the remittitur on direct appeal on December 13, 2010. *Chipeta v. State*, Docket No. 52359 (Order of Affirmance, June 23, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant filed his first petition on October 4, 2011. The district court denied the petition on February 2, 2012, and appellant did not appeal the denial of that petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40405

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

In an attempt to demonstrate good cause to overcome the procedural bars, appellant claimed that he received ineffective assistance of counsel because counsel failed to inform him regarding the statute of limitations for murder, and that because there is no statute of limitations for murder, he still has "rights to legal recourse." Appellant failed to demonstrate good cause because he failed to demonstrate that an impediment external to the defense prevented him from raising his claims in a timely petition. *Hathaway v. State*, 119 Nev. 248, 502, 71 P.3d 503, 506 (2003).

Appellant's argument regarding the statute of limitations providing unlimited chances to challenge his conviction was meritless. The procedural bars are mandatory, *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005), and apply regardless of the nature of conviction or statute of limitations for the crime convicted of. Therefore, counsel had no duty to inform appellant regarding the statute of limitations. Accordingly, the district court did not err in denying this petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                          Saitta

cc: Hon. Douglas Smith, District Judge
Pachalo Crispin Chipeta
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A