# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD RAY LEE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65288



**FILED**

APR 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on October 28, 2013, more than 22 years after issuance of the remittitur on direct appeal on April 11, 1991.[2] *Lee v. State*, Docket No. 17214 (Order Dismissing Appeal, September 14, 1990).  Thus, appellant's petition was untimely filed.  *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated two postconviction petitions, and it constituted an abuse of the writ as he raised claims new and different from those raised in his

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).  We have received and considered the pro se memorandum to the court.

[2]Further, the petition was filed more than 19 years after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, §§ 5, 33, at 75-76, 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

SUPREME COURT
OF
NEVADA

(O) 1947A

16-11825

previous petition.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred. Appellant's argument regarding new case law did not provide good cause for grounds 2 and 3, which were reasonably available to be raised in a timely petition.[4] *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). The decision of the California Supreme Court in *People v. Caballero*, 282 P.3d 291 (Cal. 2012) did not provide good cause as it is not binding authority. Appellant's reliance upon *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), is misplaced as Nevada did not have a mandatory sentencing scheme at the time that appellant committed his crimes, and thus *Miller* would not provide good cause. Appellant's petition was filed three years after the decision in *Graham v. Florida*, 560 U.S. 48 (2010), and thus the *Graham* decision would not provide good cause in this

---

[3]*Lee v. State*, Docket No. 26920 (Order Dismissing Appeal, June 23, 1998); *Lee v. Warden*, Docket No. 43697 (Order of Affirmance, May 19, 2005).

[4]To the extent that appellant claimed that his sentence was illegal, appellant failed to demonstrate that his sentence exceeded the maximum allowed by statute at the time he committed his crime. *See* 1977 Nev. Stat., ch. 430, § 82, at 864-65 (NRS 200.030). NRS 176.025 at the time appellant was convicted did not preclude a sentence of life without the possibility of parole. *See* 1967 Nev. Stat., ch. 523, § 232, at 1432.

case to litigate any claims relating to his parole eligibility on counts 1 through 4.[5] Appellant further failed to overcome the presumption of prejudice to the State.

Nevertheless, we note that appellant's concern regarding the availability of parole has been addressed by legislative action during the pendency of these proceedings. In 2015, the Legislature enacted Assembly Bill 267, which makes appellant eligible for parole after serving 20 calendar years. 2015 Nev. Stat., ch. 152, § 3, at 618 (providing that a prisoner who was sentenced as an adult for an offense or offenses that resulted in the death of only one victim that was committed when the prisoner was less than 18 years of age is eligible for parole when the prisoner has served 20 calendar years of incarceration); *see also State v. Boston*, 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015) (concluding that A.B. 267 applies to aggregate sentences). No additional relief would be required under the cases referenced by appellant even had he overcome the procedural bars to his petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Douglas                                          Gibbons

---

[5]The decision in *Graham* would not provide good cause to litigate any claims relating to his murder conviction as the decision in *Graham* only applied to nonhomicide offenses. *See* 560 U.S. at 82. Further, the 2015 amendments to NRS 176.025 do not apply to convictions predating October 1, 2015. See 2015 Nev. Stat., ch. 152, §§ 2, 5, at 618-19.

cc: Hon. Elissa F. Cadish, District Judge
Donald Ray Lee
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk