# IN THE SUPREME COURT OF THE STATE OF NEVADA

ORLANDO G. LAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69087

FILED

SEP 1 9 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT

DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Orlando G. Lay was convicted, pursuant to a guilty plea, on November 19, 2012, and did not file a direct appeal. Lay filed a pro se postconviction petition for a writ of habeas corpus on December 5, 2014, and the district court denied the petition as procedurally barred on April 24, 2015. Lay appealed, and we affirmed. *Lay v. State*, Docket No. 68100 (Order of Affirmance, April 15, 2016).

On May 5, 2015, Lay filed the underlying petition, his second petition for habeas relief. The State opposed the petition, arguing that the petition was procedurally barred and that Lay had not shown good cause to excuse the bar. The district court denied Lay's petition as procedurally barred, taking note of his prior habeas petition, and this appeal followed.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

16-28949

Lay filed the instant petition more than two years after the entry of his judgment of conviction. Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was successive because he had filed a previous petition for habeas relief and failed to allege new or different grounds of relief. *See* NRS 34.810(2). Lay's petition was procedurally barred absent a demonstration of good cause and prejudice. See NRS 34.726(1); NRS 34.810(3).

Lay argues that the procedural bars should be excused on the ground of newly discovered evidence of actual innocence. To establish actual innocence, a claimant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Lay has presented two letters written by the victim to request leniency from the immigration judge in Lay's deportation proceedings and contended that these demonstrate that the victim recanted her allegations against him. While the letters present different accounts of the incident, both letters maintain that Lay perpetrated criminal acts against the victim and do not support a claim that no reasonable juror would have convicted Lay. Accordingly, we conclude that Lay has failed to demonstrate actual innocence and that the district court did not err in denying his petition as procedurally barred.[2]

---

[2]To the extent that Lay contends that ineffective assistance from his trial counsel constituted good cause, a procedurally defaulted claim of ineffective assistance cannot constitute good cause. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). And to the extent that Lay seeks to withdraw his guilty plea, he must nevertheless make the showing required to overcome the procedural bar, *see Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001), which he has failed to do here.

Having considered Lay's contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
        Orlando G. Lay
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk