# IN THE SUPREME COURT OF THE STATE OF NEVADA

NORMAN KEITH FLOWERS, A/K/A
NORMAN HAROLD FLOWERS, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70933

**FILED**

JUL 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Norman Flowers' January 15, 2014, petition was untimely filed because it was filed 6 days after the one-year deadline imposed by NRS 34.726(1). To demonstrate good cause to excuse the untimely petition, Flowers had to demonstrate that the delay was not his fault and that dismissal of the petition as untimely would unduly prejudice him. *See* NRS 34.726(1)(a), (b). The district court determined that Flowers had not made the necessary showing.[1] We disagree.

As to the first requirement, Flowers had to demonstrate that an impediment external to the defense prevented him from complying with the procedural requirements. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). An impediment external to the defense may be

---

[1]The district court also found that Flowers had not addressed the procedural time bar in his supplemental petition. However, we note that Flowers addressed the procedural time bar in his reply and at the hearing.

17-23108

shown when the factual or legal basis for a claim was not reasonably available to be presented in a timely petition or when some interference by officials made compliance impracticable. *Id.*

The latter circumstance, official interference, is implicated in this case. Flowers asserts that the petition was filed 2 days after postconviction counsel confirmed that she would represent Flowers and that the district court had previously informed counsel she had 60 days to review the case file before confirming. The district court's actions in granting the request for the appointment of counsel before Flowers had filed a petition and seemingly extending the filing deadline interfered with the timely filing of the petition. Appointment of counsel through NRS 34.750(1) requires the filing of a petition, and the district court's decision to grant a request for counsel without first requiring the filing of a petition was in error.[2] This error was compounded when at the hearing in November, which was approximately 6 weeks before the deadline to file, the district court informed counsel she could have 60 days to review the file before deciding whether to confirm as counsel. The 60-day period necessarily meant that any petition filed by counsel would be untimely. And the district court's statements at the November hearing ensured that no petition would be filed before the statutory one-year deadline. Under these circumstances, we conclude that Flowers had demonstrated that the 6-day-delay was not his fault but instead was attributable to an impediment external to the defense.

---

[2]We note that the district court was twice informed that no petition had been filed.

We further conclude that the district court erred in concluding that Flowers failed to demonstrate that he would be unduly prejudiced if the petition was dismissed as untimely. In this respect, we primarily are concerned with Flowers' claim that his trial and appellate counsel should have argued that the district court improperly coerced him into pleading guilty[3] in violation of *Cripps v. State*, 122 Nev. 764, 137 P.3d 1187 (2006). Flowers, who was facing the death penalty for the murder and sexual assault of two victims, points to the district court's comments during a hearing before he decided to plead guilty. At that time, the district court indicated that Flowers would not receive a better offer and that no further plea negotiations would be allowed after the hearing. Flowers alleges that the district court's statements were material to his decision to enter a guilty plea and that but for those statements, he would not have entered a guilty plea. He argues that trial and appellate counsel should have challenged the guilty plea on that basis.

The district court concluded that this claim had previously been considered and rejected on direct appeal. We disagree. We acknowledge that the language in our decision on direct appeal regarding the district court's statements was confusing and made it appear as if a *Cripps* violation had been considered. However, Flowers never raised a *Cripps* violation in his presentence motion to withdraw the guilty plea or the direct appeal that followed. The context of the statement from the decision on direct appeal was in reference to the claim that trial counsel had coerced the guilty plea. Thus, the alleged *Cripps* violation was not

---

[3]Flowers entered his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

considered on direct appeal and may be raised under the umbrella of ineffective assistance of counsel.

The district court also concluded that the claim lacked merit because the comments at issue were only intended to create a record to ensure Flowers understood he was facing the death penalty if he proceeded to trial and that trial was to proceed on the next judicial calendar day. Based upon our review of the record on appeal, we cannot agree with the district court's assessment. The record shows that the district court's statements about the plea negotiations were not simply informative as they included a statement fairly characterized as endorsing the plea offer, "There is no chance that you're going to get a better offer than today," and several statements that no plea negotiations would occur after the hearing, "No deals once I leave this room," "There won't be another negotiation. Do you understand? No chance," and "And once we walk out the door, there's no negotiation, we're going to trial." These statements violated *Cripps'* bright-line rule precluding judges from participating in the "formulation or discussions of a potential plea agreement."[4] 122 Nev. at 770, 137 P.3d at 1191. And the statements may reasonably be viewed as having been a material factor affecting Flowers' decision to plead guilty considering his decision not to accept the negotiations before the district court's statements and the filing of a presentence motion to withdraw the guilty plea days later. *See id.* at 771, 137 P.3d at 1192 (indicating that improper judicial participation in plea negotiations may be harmless depending on whether the participation

---

[4]There is an exception to this bright-line rule, but it is not applicable in this case.

"may reasonably be viewed as having been a material factor affecting the defendant's decision to plead guilty"). Based on this record, the ineffective-assistance claim may have merit. See *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Flowers therefore has made a sufficient showing of prejudice for purposes of NRS 34.726(1)(b). As such, the district court erred in denying the petition as untimely.[5] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Elizabeth Gonzalez, Chief Judge
       Hon. Douglas Smith, District Judge
       Karen A. Connolly, Ltd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[5]In light of our disposition, we decline to consider the parties' remaining contentions, and we deny the motion to consolidate.

[6]In light of the comments made by the district court, we direct that this case be reassigned to another district court judge.