# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS MORALES,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 73821

FILED

APR 1 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Thomas Morales's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Morales argues that the district court erred in concluding that his petition was procedurally barred. We disagree and affirm.[1]

Morales filed the underlying petition on April 26, 2017, six years after issuance of the remittitur on his direct appeal on August 10, 2010. *Morales v. State*, Docket No. 54180 (Order of Affirmance, July 15, 2010). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, his petition was successive because he had previously filed a postconviction petition for a writ of habeas corpus in which he asserted the same grounds for relief. *See* NRS 34.810(2); *Morales v. State*, Docket No. 66432 (Order of Affirmance, December 11, 2014). Morales's petition was procedurally

---

[1]We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

18-13680

barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3).

Morales argues that the United States Supreme Court's decisions in *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), provided good cause to excuse the procedural bars to his claim regarding his first-degree-murder jury instructions. This argument fails. Although Morales relies on *Montgomery* and *Welch* in arguing that *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), should be given retroactive effect, *Byford* was decided before Morales's 2009 trial and thus was timely available to support any relevant claim. *See Hathaway v. State*, 119 Nev. 248, 71 P.3d 503 (2003). Moreover, Morales was not actually prejudiced by being procedurally barred from challenging the *Kazalyn*[2] jury instruction, where the record shows that the district court gave *Byford*'s curative instruction that remedied the *Kazalyn* instruction's deficiencies. *See Byford*, 116 Nev. at 236-37, 994 P.2d at 714-15. Likewise, as *Byford* preceded and was effectively applied during his trial, Morales's bare claim that failure to excuse the procedural bar would cause a miscarriage of justice fails. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *see also Nika v. State*, 124 Nev. 1272, 1289 n.84, 198 P.3d 839, 851 n.84 (2008). Morales has thus failed to demonstrate good cause and actual prejudice to overcome the procedural bar. Noting further that Morales was not entitled to appointed counsel, that he demonstrated his comprehension of the proceedings, and that the proceedings did not present any difficult issues, we conclude that the district court did not err in denying the petition as

---

[2]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

procedurally barred without appointing counsel. *See* NRS 34.750(1); *Brown v. McDaniel*, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

cc:    Hon. Michelle Leavitt, District Judge
Thomas Morales
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We deny Morales's request to stay any prospective transfer from his detention facility to another jurisdiction because his petition merely speculates that a transfer is forthcoming and fails to provide any authority showing an entitlement to such relief.