This is a pro se appeal from a district court order denying appellant Thomas Morales's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge, Morales argues that the district court erred in concluding that his petition was procedurally barred. We disagree and affirm.[1]
Morales filed the underlying petition on April 26, 2017, six years after issuance of the remittitur on his direct appeal on August 10, 2010. Morales v. State, Docket No. 54180 (Order of Affirmance, July 15, 2010). Thus, his petition was untimely filed. See NRS 34.726(1). Moreover, his petition was successive because he had previously filed a postconviction petition for a writ of habeas corpus in which he asserted the same grounds for relief. See NRS 34.810(2) ; Morales v. State, Docket No. 66432 (Order of Affirmance, December 11, 2014). Morales's petition was procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1) ; NRS 34.810(1)(b), (3).
Morales argues that the United States Supreme Court's decisions in Montgomery v. Louisiana , 577 U.S. ----, 136 S. Ct. 718 (2016), and Welch v. United States, 578 U.S. ----, 136 S. Ct. 1257 (2016), provided good cause to excuse the procedural bars to his claim regarding his first-degree-murder jury instructions. This argument fails. Although Morales relies on Montgomery and Welch in arguing that Byford v. State , 116 Nev. 215, 994 P.2d 700 (2000), should be given retroactive effect, Byford was decided before Morales's 2009 trial and thus was timely available to support any relevant claim. See Hathaway v. State, 119 Nev. 248, 71 P.3d 503 (2003). Moreover, Morales was not actually prejudiced by being procedurally barred from challenging the Kazalyn[2] jury instruction, where the record shows that the district court gave Byford's curative instruction that remedied the Kazalyn instruction's deficiencies. See Byford, 116 Nev. at 236-37, 994 P.2d at 714-15. Likewise, as Byford preceded and was effectively applied during his trial, Morales's bare claim that failure to excuse the procedural bar would cause a miscarriage of justice fails. See Pellegrini v. State, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) ; see also Nika v. State , 124 Nev. 1272, 1289 n.84, 198 P.3d 839, 851 n.84 (2008). Morales has thus failed to demonstrate good cause and actual prejudice to overcome the procedural bar. Noting further that Morales was not entitled to appointed counsel, that he demonstrated his comprehension of the proceedings, and that the proceedings did not present any difficult issues, we conclude that the district court did not err in denying the petition as procedurally barred without appointing counsel. See NRS 34.750(1) ; Brown v. McDaniel, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014). Accordingly, we
ORDER the judgment of the district court AFFIRMED.[3]

We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. See NRAP 34(f)(3).

Kazalyn v. State , 108 Nev. 67, 825 P.2d 578 (1992).

We deny Morales's request to stay any prospective transfer from his detention facility to another jurisdiction because his petition merely speculates that a transfer is forthcoming and fails to provide any authority showing an entitlement to such relief.