# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER R. HUBBLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72537

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Christopher Hubble's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Hubble filed his petition on November 23, 2016, more than 12 years after his judgment of conviction was entered on April 24, 2004. His petition was therefore untimely pursuant to NRS 34.726(1). Moreover, because Hubble had previously filed a postconviction petition, the instant petition was successive to the extent it raised claims that were previously raised and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims. *See* NRS 34.810(2). Hubble's petition was therefore procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Hubble alleges that the district court erred by denying his petition as procedurally barred because the Legislature amended NRS

---

[1]To the extent Hubble challenges the district court's decision regarding his motion to withdraw his guilty plea, we conclude that no relief is warranted. *See Harris v. State*, 130 Nev. 435, 438, 329 P.3d 619, 621 (2014).

193.165 (deadly weapon enhancement) after he was convicted, which he could not have anticipated. We disagree. NRS 193.165 was amended in 2007 and does not establish good cause under the circumstances. *See Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003) (recognizing that a good cause argument must be raised in a reasonable time).[2] Further, this court has held that the amendments to NRS 193.165 do not apply to offenders, like Hubble, who committed their crimes prior to July 1, 2007. *State v. Second Judicial Dist. Court*, 124 Nev. 564, 572, 188 P.3d 1079, 1084 (2008). Finally, Hubble fails to establish that withdrawing his plea is necessary to correct manifest injustice. *See* NRS 176.165; *see also Harris*, 130 Nev. at 448, 329 P.3d at 628 (recognizing that manifest injustice results when a guilty plea is invalid). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ Cherry _____, J.
Cherry

_____ Parraguirre _____, J.

_____ Stiglich _____, J.
Stiglich

cc:  Hon. Richard Scotti, District Judge
     Donald J. Green
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Hubble's reliance on *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), is misplaced.

Supreme Court
of
Nevada

(O) 1947A

2