# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY EDWARD PETTY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76491

FILED

MAR 06 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Anthony Edward Petty's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. The district court denied the petition as procedurally barred. Petty argues that the procedural bars should be excused because he has shown good cause and actual prejudice. We disagree and affirm.[1]

Petty's postconviction habeas petition was untimely because it was filed more than 15 years after remittitur issued on direct appeal on July 2, 2002. *See* NRS 34.726(1); *Petty v. State*, Docket No. 37405 (Order of Affirmance, June 5, 2002). Petty's petition was also successive because he had previously filed five postconviction habeas petitions and an abuse of the writ because he asserted a new claim that could have been raised in a prior

---

[1]Having considered the pro se brief filed by Petty, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

petition.[2] *See* NRS 34.810(2). Thus, his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause requires Petty to show that the basis for a claim was not reasonably available when he filed his first, timely petition and that he filed the instant petition within a reasonable time of discovering the factual or legal basis for the claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Petty's claim that trial counsel ineffectively failed to seek a competency hearing was reasonably available to be raised in a timely first petition. Thus, we conclude that this claim does not provide good cause. As Petty did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Insofar as Petty argued below that failing to consider his claim on its merits would amount to a fundamental miscarriage of justice, Petty had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), but he did not identify any new evidence. The district court

---

[2]*Petty v. State*, Docket No. 74305 (Order of Affirmance, Ct. App., July 27, 2018); *Petty v. State*, Docket No. 67192 (Order of Affirmance, May 19, 2015); *Petty v. State*, Docket No. 56071 (Order of Affirmance, November 8, 2010); *Petty v. State*, Docket No. 41918 (Order of Affirmance, May 28, 2004). Petty did not appeal from the denial of a postconviction petition for a writ of habeas corpus he filed on February 6, 2013.

therefore did not err in denying Petty's claim of a fundamental miscarriage of justice.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Michelle Leavitt, District Judge
     Anthony Edward Petty
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A