IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER RANDOLPH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79362

**FILED**

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Appellant Roger Randolph argues that the district court erred in denying his petition as procedurally barred. We affirm.

Randolph filed the petition four years after remittitur issued on his direct appeal. *Randolph v. State*, Docket No. 60993 (Order of Affirmance, January 30, 2015). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus and a direct appeal in which he asserted a similar claim for relief. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Randolph v. State*, Docket No. 71238-COA (Order of Affirmance, June 14, 2017); *Randolph*, Docket No. 60993, Order of Affirmance at 11. Randolph's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

21-01431

Randolph argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). Although *McCoy* noted that the decision to concede was similar in nature to other decisions reserved to a defendant, like "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," *id.* at 1508, *McCoy* does not require consent or a canvass. It only requires that counsel not pursue a concession strategy over a defendant's objection. *Id.* at 1509-10; *see also Nixon*, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1] Here, trial counsel admitted in opening statement and closing argument that Randolph committed second-degree murder, while arguing that Randolph lacked the requisite intent for first-degree murder. During a canvass after jury selection and before trial, Randolph expressly consented to counsel's strategy. *McCoy* is distinguishable because Randolph never opposed the concession and expressly consented during the pretrial canvass. Because *McCoy* is distinguishable, we need not resolve

_____

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

Randolph's argument that *McCoy* applies retroactively. Accordingly, Randolph has not shown that *McCoy* provides good cause, and the district court correctly applied the mandatory procedural bars.[2] *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Randolph's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Kathleen E. Delaney, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We reject the State's argument that Randolph may only argue ineffectiveness of counsel in a postconviction habeas petition and thus may not raise a *McCoy* claim in a postconviction habeas petition. The *McCoy* claim was permissible, albeit subject to the procedural bars. *See* NRS 34.724(1) ("Any person convicted of a crime and under sentence of . . . imprisonment who claims that the conviction was obtained . . . in violation of the Constitution of the United States or the Constitution or laws of this State . . . may . . . file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction . . . ."); NRS 34.810(1)(b) (waiver bar).