IN THE SUPREME COURT OF THE STATE OF NEVADA

HECTOR LEONARD JARDINE,
Appellant,
vs.
BRIAN WILLIAMS, SR., WARDEN,
Respondent.

No. 80385

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Hector Leonard Jardine argues that the district court erred in denying his petition as procedurally barred. We affirm.

Jardine filed the petition nine years after remittitur issued on his direct appeal. *Jardine v. State*, Docket Nos. 48736, 48737 (Order of Affirmance, December 19, 2008). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus in which he asserted a similar claim for relief. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Jardine v. State*, Docket No. 63267 (Order of Affirmance, June 12, 2014). Jardine's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Jardine argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as *McCoy* is distinguishable. *McCoy* held that an attorney may

21-01433

not concede a defendant's guilt over an express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.* Here, trial counsel admitted in opening statement and closing argument that Jardine entered the victim's apartment without her consent and later tackled her, causing her to cut her neck on broken glass on the floor. Counsel acknowledged that this position conceded Jardine committed the uncharged crimes of battery and trespass. *Cf.* NRS 200.481 (battery); NRS 207.200 (trespass). Counsel, however, strenuously argued in opening and closing that Jardine lacked the requisite intent for attempted murder, burglary, sexual assault, or first-degree kidnapping, the crimes of which he was charged. During a subsequent canvass, Jardine expressly consented to counsel's strategy. *McCoy* is distinguishable because Jardine never opposed the concession and expressly consented during the canvass. Moreover, Jardine has not shown that *McCoy* applies to a concession to an uncharged offense. *See United States v. Rosemond*, 958 F.3d 111, 123 (2d Cir. 2020) (concluding that *McCoy* did not apply to counsel's concession of an uncharged crime where counsel argued vehemently that the defendant did not commit the crime charged). Because *McCoy* is distinguishable, we need not resolve Jardine's argument that *McCoy* applies retroactively. Accordingly, Jardine has not shown that *McCoy* provides good cause, and the district court correctly

applied the mandatory procedural bars.[1] *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Jardine's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michael Villani, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We reject the State's argument that Jardine may only argue ineffectiveness of counsel in a postconviction habeas petition and thus may not raise a *McCoy* claim. The *McCoy* claim was permissible, albeit subject to the procedural bars. *See* NRS 34.724; NRS 34.810(1)(b).