# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMAR J. AYALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79361

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Appellant Omar J. Ayala argues that the district court erred in denying his petition as procedurally barred. We affirm.

Ayala filed the petition six years after remittitur issued on his direct appeal. *Ayala v. State*, Docket No. 55933 (Order of Affirmance, June 20, 2012). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus in which he asserted a similar claim for relief. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Ayala v. State*, Docket No. 69877 (Order of Affirmance, May 9, 2017). Ayala's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Ayala was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Ayala argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is

21-01429

mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). Although *McCoy* noted that the decision to concede was similar in nature to other decisions reserved to a defendant, like "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," *id.* at 1508, *McCoy* does not require consent or a canvass. It only requires that counsel not pursue a concession strategy over a defendant's objection. *Id.* at 1509-10; *see also Nixon*, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1] Here, trial counsel admitted in opening statement and closing argument that Ayala committed either voluntary manslaughter or second-degree murder. Counsel, however, strenuously argued that Ayala lacked the requisite intent for first-degree murder. During a canvass after closing arguments, Ayala expressly consented to counsel's strategy. Ayala never opposed the concession and expressly consented during the canvass. Because *McCoy* is distinguishable, we need not resolve Ayala's argument that *McCoy* applies retroactively. Accordingly, Ayala has not shown that *McCoy* provides good cause.

Ayala has further not demonstrated the district court erred in determining the petition was barred by laches. The State sufficiently

---

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

SUPREME COURT
OF
NEVADA

(O) 1947A

pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Ayala has not overcome the presumption of prejudice to the State. *See* NRS 34.800 (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); s*ee also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches.[2] *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005). Accordingly, we

Having considered Ayala's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Stiglich                         Silver

---

[2]We reject the State's argument that Ayala may only argue ineffectiveness of counsel in a postconviction habeas petition and thus may not raise a *McCoy* claim in a postconviction habeas petition. The *McCoy* claim was permissible, albeit subject to the procedural bars. *See* NRS 34.724; NRS 34.810(1)(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Joseph Hardy, Jr., District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk