IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRIE SENA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74650

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Appellant filed her petition on April 19, 2017, almost two years after entry of the judgment of conviction on June 15, 2015. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice. *See id.* Good cause must be an impediment external to the defense. *Hathaway v. State*, 119 Nev. 248, 71 P.3d 503 (2003).

Appellant alleges that she has cause for the delay because the district court mishandled the resolution of her trial attorney's first motion to withdraw from representation, which resulted in the second motion being decided after the one-year period to file a timely habeas petition expired. Appellant fails to demonstrate adequate cause for the delay because she did not demonstrate that the district court erred in the resolution of the first

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

19-16073

motion. Because of appellant's ongoing obligation to testify against her codefendant at his trial, the district court correctly observed that appellant was entitled to be represented by appointed counsel for that proceeding. And the district court further correctly noted that appellant was not entitled to substitute appointed counsel without demonstrating a serious attorney-client conflict. *See Patterson v. State*, 129 Nev. 168, 175, 298 P.3d 433, 438 (2013). Appellant ultimately acquiesced to the denial of the first motion when she indicated that she wanted to continue with trial counsel's representation. Nothing in the first motion or the transcript of the hearing on that motion indicates that appellant informed the court that her motion was motivated by a desire to pursue postconviction relief. In fact, the record contains no reason in the first motion for the request for new appointed counsel. The district court likewise correctly noted that the appointment of postconviction counsel is not mandatory. *See* NRS 34.750(1). Thus, appellant has not demonstrated that the district court's handling of the first motion provided cause for the delay. Similarly, appellant's good-cause claim that trial counsel was ineffective for failing to file a more timely motion to withdraw from representation was without merit because any error by trial counsel was not an impediment external to the defense in this case and did not explain appellant's failure to file a timely petition.

Even assuming that appellant could demonstrate cause for the delay, appellant fails to demonstrate undue prejudice. Appellant did not allege or demonstrate how watching the videos would have altered her decision to enter a guilty plea; consequently she fails to demonstrate there

was a fair and just reason to withdraw the plea.[2] *See Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1281 (2015). Thus, she fails to demonstrate that her trial counsel was ineffective for failing to file a presentence motion to withdraw a guilty plea. *See Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996); *see also Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Therefore, we conclude that the district court did not err in denying the petition as procedurally time-barred.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ C.J.
Gibbons

_____ , J.
Pickering

_____ , J.
Cadish

cc: Hon. Kerry Louise Earley, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Appellant failed to provide this court with transcripts from the sentencing hearing so it is impossible for this court to review appellant's claim that she objected to being sentenced without the filing of a presentence motion to withdraw a guilty plea.

[3]The district court did not err in denying the petition without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984). Appellant's claims regarding cumulative error and ineffective assistance of counsel at sentencing are not supported by any cogent argument.