IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERIC GREEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76160

FILED

MAY 1  2019

CLERK OF SU   ME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from an order dismissing a postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Appellant filed his petition on July 18, 2017, more than 13 years after issuance of the remittitur on direct appeal on January 6, 2004. *Green v. State*, 119 Nev. 542, 80 P.3d 93 (2003). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously litigated several postconviction habeas petitions.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

---

[1]We conclude that a response to the informal brief is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), this appeal has been decided on the pro se brief and the record.

[2]*Green v. State*, Docket No. 73479 (Order of Affirmance, Ct. App., April 11, 2018); *Green v. State*, Docket No. 71209 (Order of Affirmance, June 15, 2017); *Green v. State*, Docket No. 68271 (Order of Affirmance, Ct. App., March 16, 2016); *Green v. State*, Docket No. 59153 (Order of Affirmance, June 13, 2012); *Green v. State*, Docket No. 47318 (Order of Affirmance, June 4, 2007).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-21330

Appellant argues that he has good cause because the case law he relies upon was not available when he filed his direct appeal and the appeal from the order denying his initial postconviction habeas petition. However, appellant fails to demonstrate that the factual or legal bases for his claims regarding the use of prior bad act evidence at his trial were not reasonably available when he filed his first, timely petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, appellant fails to demonstrate good cause for the delay.

Appellant also fails to demonstrate actual prejudice. In his first petition, appellant claimed trial counsel should have objected to the admission of prior bad act evidence and requested a limiting instruction. This court agreed with appellant that prior bad act evidence was erroneously admitted but ultimately concluded that appellant did not demonstrate prejudice, referencing the conclusion on direct appeal that overwhelming evidence supported appellant's convictions. *Green v. State*, Docket No. 47318 (Order of Affirmance, June 4, 2007). That decision constitutes the law of the case, and appellant has not demonstrated an intervening change in controlling law. *Hsu v. Cty. of Clark*, 123 Nev. 625, 630-32, 173 P.3d 724, 728-30 (2007).

Appellant alternatively argues that the failure to consider his petition on the merits would constitute a fundamental miscarriage of justice. To demonstrate a fundamental miscarriage of justice, appellant must make a colorable showing of actual innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Appellant's argument, however, is limited to his bare assertions of innocence without new evidence demonstrating his actual innocence. Accordingly, appellant fails to

demonstrate a fundamental miscarriage of justice. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Based on the above, we conclude that the district court did not err by denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Kathleen M. Drakulich, District Judge
      Frederic Green
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk