# IN THE SUPREME COURT OF THE STATE OF NEVADA

QUADRAE SCOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76678

FILED

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Quadrae Scott's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. The district court denied the petition as procedurally barred. Scott argued that the procedural bars should be excused because he had shown good cause and actual prejudice. We disagree and affirm.[1]

Scott's postconviction habeas petition was untimely because it was filed more than 6 years after the entry of his judgment of conviction. *See* NRS 34.726(1). Thus, his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See id.*; NRS 34.810(3).

Scott argued that he has good cause for his untimely petition because he did not learn that he could file a postconviction habeas petition until 2017. Scott's delay in learning of postconviction remedies is not an impediment external to the defense that prevented him from complying with the procedural default rules and thus does not constitute good cause. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). To the extent that Scott argued that counsel's ineffective assistance in failing to

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

19-26042

advise him about postconviction remedies constitutes good cause, the basis for such a claim was reasonably available to be raised in a timely petition, and a procedurally defaulted claim of ineffective assistance cannot constitute good cause. *See id.* at 252-53, 71 P.3d at 506. As Scott did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Scott also requested an evidentiary hearing and appointed counsel. The district court properly denied these requests. Scott did not show that his case presented difficult issues, proceedings that Scott could not understand, or discovery issues to warrant appointing counsel. *See* NRS 34.750(1). And Scott did not make specific factual allegations not belied or repelled by the record that would entitle him to relief if true to warrant an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Having considered Scott's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering*, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Tierra Jones, District Judge
  Quadrae Scott
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk

