# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK J. BERALDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80722

**FILED**

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

A jury convicted appellant Frank J. Beraldo of sexual assault, battery with intent to commit sexual assault, and battery causing substantial bodily harm. This court affirmed the judgment of conviction. *Beraldo v. State*, Docket No. 29466 (Order Dismissing Appeal, May 28, 1999). Beraldo petitioned for postconviction habeas relief, and the district court denied the petition after conducting an evidentiary hearing. This court affirmed the district court's order. *Beraldo v. State*, Docket No. 38461 (Order of Affirmance, November 5, 2002).

Beraldo's instant postconviction habeas petition was untimely because it was filed more than 19 years after remittitur issued on direct appeal on September 8, 1999. *See* NRS 34.726(1). Beraldo's petition was also successive because he had previously filed a postconviction habeas petition and he asserted claims that had been raised in the previous

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

petition. *See* NRS 34.810(2). Thus, Beraldo's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Beraldo argues that the federal Antiterrorism and Effective Death Penalty Act (AEDPA) provides good cause. We disagree. Good cause requires showing "an impediment external to the defense prevented [Beraldo] from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Federal habeas procedural rules do not excuse noncompliance with Nevada's habeas statutes. *See Brown v. McDaniel*, 130 Nev. 565, 575-76, 331 P.3d 867, 874-75 (2014) (observing that Nevada's habeas process is independent from its federal counterpart and declining to apply a federal rule to an untimely and successive state petition). Insofar as Beraldo argues that his other claims provide good cause, he has raised those claims on direct appeal and in his previous postconviction habeas petition, and thus those claims were reasonably available to be raised in a timely petition. *See Hathaway*, 119 Nev at 252-53, 71 P.3d at 506. As Beraldo did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Insofar as Beraldo argued below that failing to consider his claims on the merits would amount to a fundamental miscarriage of justice because he was actually innocent, Beraldo had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Beraldo did

not identify any new evidence. The district court therefore did not err in denying Beraldo's claim of a fundamental miscarriage of justice.

Having considered Beraldo's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Elliott A. Sattler, District Judge
Frank J. Beraldo
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk