IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN BRIENT PRITCHETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80400

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge. Appellant Shawn Brient Pritchett argues that the district court erred in denying his petition as procedurally barred. We affirm.

Pritchett filed the petition six years after remittitur issued on his direct appeal. *Pritchett v. State*, Docket No. 57291 (Order of Affirmance, May 10, 2012). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus. *See* NRS 34.810(1)(b), (2); *Pritchett v. State*, Docket No. 68533 (Order of Affirmance, February 16, 2017). Pritchett's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Pritchett was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

21-04399

Pritchett argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because his trial counsel conceded guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*; *see also Nixon*, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1]

Here, trial counsel conceded that Pritchett committed the uncharged crime of accessory to murder after the fact. Counsel, however, strenuously argued that the evidence did not show that Pritchett was guilty of the charged offenses. Pritchett acknowledged in a prior proceeding that he was informed of this strategy and deferred to counsel's expertise rather than expressly objecting or insisting on a contrary course. Moreover, Pritchett has not shown that *McCoy* applies to concession of an uncharged offense. *See United States v. Rosemond*, 958 F.3d 111, 123 (2d Cir. 2020) (concluding that *McCoy* did not apply to counsel's concession of an uncharged crime where counsel argued vehemently that the defendant did not commit the crime charged). Because *McCoy* is distinguishable, we need

---

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

not resolve Pritchett's argument that *McCoy* applies retroactively. To the extent that Pritchett argues that *McCoy* provides good cause for his claims that trial counsel was ineffective in failing to adequately investigate and failing to share discovery, these claims were reasonably available at the time of his first timely petition and the decision in *McCoy* does not alter that. Accordingly, Pritchett has not shown that *McCoy* provides good cause.[2]

Pritchett has further not demonstrated the district court erred in determining the petition was barred by laches. The State sufficiently pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Pritchett has not overcome the presumption of prejudice to the State. *See* NRS 34.800(1) (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

---

[2]We reject the State's argument that a claim based on *McCoy* can only be raised on direct appeal. A *McCoy* claim can be raised in a postconviction habeas petition, albeit subject to the procedural bar in NRS 34.810(1)(b) because it could have been raised on appeal. *See* NRS 34.724(1) ("Any person convicted of a crime and under sentence of . . . imprisonment who claims that the conviction was obtained . . . in violation of the Constitution of the United States or the Constitution or laws of this State . . . may . . . file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction . . . .").

We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

Having considered Pritchett's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Jacqueline M. Bluth, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk