IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY HOWARD JOHNSON,
Appellant,
vs.
RENEE BAKER, WARDEN,
LOVELOCK CORRECTIONAL
CENTER,
Respondent.

No. 80279

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Lynne K. Simons, Judge. Appellant Timothy Howard Johnson argues that the district court erred in denying his petition as procedurally barred. We affirm.

Johnson filed the petition 30 years after remittitur issued on his direct appeal. *Johnson v. State*, Docket No. 18178 (Order Dismissing Appeal, March 30, 1988). Thus, his petition was untimely filed.[2] *See* NRS 34.726(1). Johnson's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]The petition was also untimely from the January 1, 1993, effective date of NRS 34.726(1). *See Pellegrini v. State*, 117 Nev. 860, 874, 34 P.3d 519, 529 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1098 n.12 (2018).

21-04489

34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition and that the petitioner raised the claim within a reasonable time after the factual or legal basis for it became available. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Johnson argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. Here, Johnson represented himself at trial with the assistance of standby counsel, who did not concede his guilt to the jury. Johnson's contention that he elected to represent himself rather than proceed to trial with the assistance of attorneys who wanted to concede guilt to lesser offenses does not bring his case within *McCoy's* narrow scope, which does not encompass the decision to represent oneself. *See id.* at 1507-08 (differentiating a defendant electing to proceed pro se from a defendant receiving assistance from counsel that must not violate a defendant's fundamental objectives of the defense). Insofar as Johnson contends that his decision to proceed pro se was coerced and that his canvass pursuant to *Faretta v. California*, 422 U.S. 806 (1975), was improper, such claims were reasonably available to be raised in a timely petition, and he did not allege good cause to excuse the delay. Because *McCoy* is distinguishable, we need not decide whether *McCoy* applies retroactively. Accordingly, Johnson has not shown that *McCoy* provides good cause, and the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

Having considered Johnson's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:    Hon. Lynne K. Simons, District Judge
Timothy Howard Johnson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A