IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMANDO BENAVIDES CORTINAS,
JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80417

**FILED**

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Armando Benavides Cortinas, Jr., argues that the district court erred in denying his petition as procedurally barred. We affirm.

Cortinas filed the petition ten years after remittitur issued on his direct appeal. *Cortinas v. State*, 124 Nev. 1013, 195 P.3d 315 (2008). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus. *See* NRS 34.810(1)(b), (2). Cortinas's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Cortinas was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Cortinas argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because his

21-06898

trial counsel conceded guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*; *see also Nixon*, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1] Here, trial counsel conceded that Cortinas committed second-degree murder while arguing that the evidence did not show that Cortinas was guilty of first-degree murder. Counsel discussed this strategy with Cortinas before trial, and he did not object or insist on a contrary defense. Because *McCoy* is distinguishable, we need not resolve Cortinas's argument that *McCoy* applies retroactively. Insofar as Cortinas argues that counsel's concession constituted ineffective assistance, that claim was reasonably available to be raised in a timely petition. *See also Hathaway*, 119 Nev. at 252, 71 P.3d at 506 (providing that a procedurally barred claim of ineffective assistance cannot provide good cause). Accordingly, Cortinas has not shown that *McCoy* provides good cause.

Cortinas further has not demonstrated that the district court erred in determining the petition was barred by laches. The State pleaded

_____

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Cortinas has not overcome the presumption of prejudice to the State. *See* NRS 34.800(1) (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

Having considered Cortinas's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Department 5, Eighth Judicial District Court
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk