# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITON SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81136

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant's petition for postconviction relief was untimely as he filed it nearly six years after entry of the judgment of conviction.[1] *See* NRS 34.726(1) (requiring a petition to be filed "within 1 year after entry of the judgment of conviction" or an appellate court's remittitur if the defendant appeals from the judgment of conviction). Thus, appellant's petition was procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice, *see id.*, or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on*

---

[1]No direct appeal was taken.

21-26874

*other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018).[2]

Appellant argues that the district court erred in dismissing his claim that the district court improperly inserted itself into the plea negotiations and coerced his guilty plea. He argues that this court's decision in *Eagles v. State*, Docket No. 71154, Order of Affirmance at 2-3 (Jan. 24, 2018), constituted good cause to excuse the untimely petition. We disagree because *Eagles*, an unpublished decision, was not binding in this case. *See* NRAP 36(c)(2) (providing that "[a]n unpublished decision, while publicly available, does not establish mandatory precedent" except for enumerated circumstances). Further, the decision in *Eagles* merely discussed and applied the holding from *Cripps v. State* that limited judicial participation in plea negotiations to "indicat[ing] on the record whether the judge is inclined to follow a particular sentencing recommendation of the parties." 122 Nev. 764, 771, 137 P.3d at 1187, 1191 (2006). However, *Cripps* was decided before appellant's conviction and therefore could not provide good cause to excuse his untimely petition because the factual and legal basis of his claim were available to be raised in a timely petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Thus, the district court did not err in determining this claim was procedurally barred.

---

[2]Appellant asserts that his petition was timely filed within one year of learning of the facts supporting it. To the extent that appellant argues that his time for filing should be equitably tolled until he discovered the evidence supporting his petition, the procedural bars are mandatory, *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005), and we have rejected equitable tolling, *see Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 874 (2014).

Appellant also argues that the district court erred in rejecting his allegation that the failure to consider his petition would result in a fundamental miscarriage of justice. He asserts that an unnamed witness in an unidentified proceeding testified that he was not at the scene of the murder. To overcome application of the procedural bars, a petitioner must demonstrate a fundamental miscarriage of justice which requires a showing of actual innocence. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Actual innocence is a demanding standard requiring a showing that no reasonable juror would have convicted the defendant in light of new evidence. *Berry v. State*, 131 Nev. 957, 969, 363 P.3d 1148, 1156 (2015). Appellant did not demonstrate actual innocence because he did not show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Thus, the district court did not err in determining that appellant did not overcome application of the procedural bars.[3]

---

[3]In the facts section of his brief, appellant asserts that his counsel failed to sufficiently communicate with him and did not adequately represent him in critical stages of pretrial proceedings. He also mentions that he had not been provided certain transcripts of his proceedings. These assertions are not supported by any authority or further argument, and therefore, we decline to consider them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). While appellant argues in his reply brief that the failure to provide requested transcripts violated his constitutional rights, we decline to consider arguments developed for the first time in a reply brief. *See* NRAP 28(e)(2) (providing that reply briefs "must be limited to answering any new matter set forth in the opposing brief"); *Elvik v. State*, 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments

SUPREME COURT
OF
NEVADA

(O) 1947A

3

For the reasons stated above, we conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.        _____, Sr.J.
Stiglich                            Gibbons

cc:    Chief Judge, Eighth Judicial District Court
       Department 21, Eighth Judicial District Court
       Allen Lichtenstein
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

made for the first time in a reply brief prevent the respondent from responding to appellant's contentions with specificity).

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.